Filed 7/16/15  P. v. Hillard CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067755 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD178097) |
| MAURICE HILLARD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Maurice Hillard appeals from the trial court's order denying Hillard's petition to recall his three strikes sentence imposed in 2004.  The trial court denied the petition, finding it was untimely filed and that Hillard's prior conviction for attempted murder

rendered him ineligible for resentencing under Proposition 36 (Pen. Code,[1] § 667, subd. (e)(2)(C)(iv)(IV)).  Hillard requests and we will grant judicial notice of this court's opinion in *People v. Hillard* (D045175), filed April 19, 2006.  We will refer to various portions of our prior opinion in order to address the procedural history of Hillard's current sentence.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating she has been unable to identify any reasonably arguable issues for reversal on appeal.  Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has set out two possible, but not reasonably arguable issues to assist this court in its responsibility to review the record for error (*Wende, supra*).  Hillard has filed a supplemental brief on his own behalf.  We will discuss the *Anders* issues and the supplemental brief below.

In order to establish the context of the review that follows, we emphasize that this appeal is from an order denying recall of a third strike sentence.  The 2004 convictions and sentence were final long before the enactment of Proposition 36.  We must keep in mind that the mechanism permitting recall of a final judgment in this case is solely the statutory scheme created in the reform of the three strikes law.  Thus, in searching for reasonably arguable issues for reversal, we are not permitted to roam at large through the history of the 2004 convictions.  Rather, our task is to determine whether there are any reasonably arguable issues that could give rise to reversal of the specific order in this

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

case, which determined that Hillard was not eligible for the recall procedure because of his prior attempted murder conviction and because his petition was not timely filed.

PROCEDURAL BACKGROUND

In the 2004 case, Hillard was convicted of conspiracy (§ 182, subd. (a)(1)); six counts of unlawful taking and driving of a vehicle (Veh. Code, § 10851, subd. (a)); four counts of burglary (§ 459); two counts of grand theft (§ 487, subd. (a); one count of attempted grand theft (§§ 487, subd. (a), 664); one count of receiving stolen property (§ 496, subd. (a)); and one count of resisting arrest (§ 148, subd. (a)).

Two prison priors (§ 667.5. subd. (b)) and two strike priors (§ 667, subds. (b)-(i)) were found true. The trial court denied the motion to dismiss the strike priors and sentenced Hillard to a total indeterminate term of 302 years to life.

On appeal this court affirmed the convictions and sentence. As relevant to this appeal the court addressed the contention that at least one of the strike priors should have been dismissed, because they allegedly arose from the same act and the original sentencing on the prior convictions (attempted robbery and attempted murder) the court stayed the attempted robbery sentence under section 654. This court found no error in denying the motion to dismiss because the attempted robbery and attempted murder were separate acts during a continuing course of conduct.

Hillard's petition for review was denied.

On January 15, 2015, Hillard signed and mailed his petition for recall of his third strike sentence. The trial court noted the petition was not signed until January 2015, well beyond the time limit in Proposition 36. The court also found Hillard was not eligible for

3

relief under the proposition because he had suffered a prior conviction for attempted murder.

Hillard filed timely notices of appeal.

STATEMENT OF FACTS

From 2001 through 2003, Hillard and Charles Calhoun stole various trucks. They used the trucks to commit burglaries and grand theft of ATM machines. Once away from the scene they would open the ATMs and take the cash. They would then abandon the truck and steal another one for the next crime.

On October 9, 2003, a sheriff's deputy observed a stolen truck being driven by Calhoun and in which Hillard was a passenger. A high speed chase followed after which Calhoun and Hillard were arrested.

DISCUSSION

As required by *Wende, supra*, 25 Cal.3d 436, we have reviewed the entire record to determine if there are any reasonably arguable issues for reversal on appeal. Our review has not revealed any reasonably arguable issues.

Pursuant to *Anders, supra*, 386 U.S. 738, counsel has presented two possible, but not reasonably arguable issues for our review:

1. Was appellant's three strikes term contrary to the three strikes law, in that his strikes were two counts, attempted robbery and attempted murder, for which punishment was stayed pursuant to section 654?

2. Has the Eighth Amendment analysis of the three strikes law fundamentally changed since Hillard's appeal was decided in 2006?

4

Given that this case is before us in an appeal from a statutory motion to recall a third strike sentence, the two possible issues presented by appellate counsel do not raise any reasonably arguable issues for reversal of the denial of the petition.

We next turn to Hillard's supplemental brief. To the extent we understand it, the brief raises two issues that have some possible relevance to the issues in this case.

First, Hillard contends he is entitled to resentencing because the court decision in *People v. Vargas* (2014) 59 Cal.4th 635 was decided after this court's opinion affirming his sentence in 2006. Thus, he reasons he is entitled to remand for the trial court to consider the *Vargas* case. His brief does not disclose how the *Vargas* decision is relevant to this appeal from an order denying his petition on ineligibility grounds.

His second, potentially relevant, issue is his claim his petition was timely filed because the prison did not mail it in time. This record, however, does not permit such argument. Petitions for recall under Proposition 36 must be filed within two years of the enactment of the proposition (November 2012). The record demonstrates as the trial court found, Hillard did not sign his petition and the accompanying documents until January 15, 2015. Thus, regardless of problems with the prison's mail system, there can be no reasonably arguable issue that Hillard's petition was timely.

Hillard's brief makes no attempt to dispute the fact of his prior conviction for attempted murder. Nor does the brief attempt to show that such prior conviction does not disqualify him for relief under the proposition.

As we have indicated we have reviewed the entire record and the briefs of both counsel and Hillard. We have not indentified any reasonably arguable issue for reversal

5

of the order which is the subject of this appeal.  Competent counsel has represented Hillard on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, J.

WE CONCUR:

McCONNELL, P. J.

IRION, J.